SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
GENEVIVE BOTCHWAY,

Plaintiff,

-against-

WALMART INC. and WAL-MART STORES EAST, LP,

Defendants.
---------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
QUEENS
County as the place of trial.

The basis of the venue is:
Plaintiff's Residence

Plaintiff Resides at:
233-37 112th Avenue
Queens Village, NY 11429

To the above-named defendants,

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff attorney within 30 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
June 19, 2024

**GROPPER & NEJAT, PLLC**
By: Joshua Gropper, Esq.
Attorneys for Plaintiff
171 Madison Avenue - Suite 1002
New York, New York 10016
Phone: (212) 366-4600

Defendants' Addresses:

WALMART INC.
28 Liberty Street
New York, NY 10005
*(Via Secretary of State BCL)*

WAL-MART STORES EAST, LP
CT Corporation System
28 Liberty Street
New York, NY 10005
*(Via Secretary of State BCL)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
GENEVIVE BOTCHWAY,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**

-against-

WALMART INC. and WAL-MART STORES EAST, LP,

Defendants.
-----------------------------------------------------------------------X

Plaintiff, by her attorneys, GROPPER & NEJAT, PLLC, complaining of the defendants herein, respectfully show to the Court, and allege as follows upon information and belief:

1. That at all times hereinafter mentioned, plaintiff, GENEVIVE BOTCHWAY, was and still is a resident of the County of Queens, City and State of New York, maintaining a residence at 223-37 112th Avenue, Queens Village, New York 11429.

2. That the jurisdiction and venue are properly conferred upon this Court by reason of plaintiff's residence.

3. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., was and still is a domestic corporation, having whatever authority necessary to conduct business within the State of New York.

4. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., was and still is a foreign corporation, having whatever authority necessary to conduct business within the State of New York.

5. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., maintained a principal place of business in the County of Queens, City and State of New York with an address at 77 Green Acres Road South, Valley Stream, NY 11581.

6. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., maintained a principal place of business in the State of New York.

7. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., was doing business in the State of New York.

8. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., was and still is conducting business in the State of New York.

9. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., was and still supplies goods and/or services in the State of New York.

10. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., regularly conducts or solicits business in the State of New York.

11. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART INC., derives substantial revenue from interstate and international commerce and expects or should reasonably expect its acts to have consequences within the State of New York.

12. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was and still is a domestic corporation, having whatever authority necessary to conduct business within the State of New York.

13. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation, having whatever authority necessary to conduct business within the State of New York.

14. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited partnership, having whatever authority necessary to conduct business within the State of New York.

15. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, maintained a principal place of business in the County of Queens, City and State of New York with an address at 77 Green Acres Road, Valley Stream, NY 11581.

16. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, maintained a principal place of business in the State of New York.

17. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was doing business in the State of New York.

18. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was and still is conducting business in the State of New York.

19. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, was and still supplies goods and/or services in the State of New York.

20. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, regularly conducts or solicits business in the State of New York.

21. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES EAST, LP, derives substantial revenue from interstate and international commerce and expects or should reasonably expect its acts to have consequences within the State of New York.

22. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., owned the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

23. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., its agents, servants, employees and/or licensees, operated the premises and/or a portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

24. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., its agents, servants, employees and/or licensees, controlled, maintained, managed, inspected, supervised and/or repaired the premises and/or a portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

25. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., was the lessee of the premises and/or a portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

26. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., owned the store known as Walmart Supercenter #5293 located at 77 Green Acres Road South, Valley Stream, NY 11581.

27. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., its agents, servants, employees and/or licensees, operated the store known as Walmart Supercenter #5293, located at 77 Green Acres Road South, Valley Stream, NY 11581.

28. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WALMART INC., its agents, servants, employees and/or licensees, controlled, managed, maintained, inspected and/or repaired the store known as Walmart Supercenter #5293 located at 77 Green Acres Road South, Valley Stream, NY 11581, including the aisles where the freezers and/or frozen foods are located.

29. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, owned the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

30. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, its agents, servants, employees and/or licensees operated the premises and/or a portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

31. That at all times hereinafter mentioned and upon information and belief, on or prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, its agents, servants, employees and/or licensees, controlled, maintained, managed, inspected, supervised and/or repaired the premises and/or a portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

32. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, was the lessee of the premises and/or portion of the premises located at 77 Green Acres Road South, Valley Stream, NY 11581.

33. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, owned the store known

as Walmart Supercenter #5293 located at 77 Green Acres Road South, Valley Stream, NY 11581.

34. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, its agents, servants, employees and/or licenses operated the store known as Walmart Supercenter #5293, located at 77 Green Acres Road South, Valley Stream, NY 11581.

35. That at all times hereinafter mentioned and upon information and belief, on and prior to October 2, 2023, defendant, WAL-MART STORES EAST, LP, its agents, servants, employees and/or licensees, controlled, managed, maintained, inspected and/or repaired the store known as Walmart Supercenter #5293, located at 77 Green Acres Road South, Valley Stream, NY 11581, including the aisles where the freezers and/or frozen foods are located.

36. That at all times hereinafter mentioned, the defendants, their agents, servants, licensees and/or employees, extended a general invitation to the public to enter and patronize the aforesaid store.

37. That on October 2, 2023, plaintiff, GENEVIVE BOTCHWAY, was lawfully and properly upon the Walmart Supercenter #5293 located at 77 Green Acres Road South, Valley Stream, NY 11581.

38. That on October 2, 2023, plaintiff, GENEVIVE BOTCHWAY, while lawfully proceeding over, along and upon the aforementioned aisles where the freezers and/or frozen foods are located at the above premises, was caused to slip and fall and be violently precipitated to the ground due to a wet, slippery and hazardous substance on the floor, thereby sustaining severe, serious and permanent personal injuries.

39. That the occurrence and injuries sustained by the plaintiff, GENEVIVE BOTCHWAY, was caused solely by the negligence of the defendants, their agents, servants, licensees and/or employees, without any negligence on the part of the plaintiff contributing thereto.

40. That at all times hereinafter mentioned, it was the duty of the defendants, their agents, servants, licensees and/or employees, had a duty and responsibility to maintain the aforementioned store and its appurtenances in a manner safe for use by the plaintiff and for all persons lawfully thereat.

41. That the negligence of the defendants, their agents, servants, licensees and/or employees consisted of their negligent ownership, operation, maintenance and control of the aforesaid premises and more particularly, the floor located near the freezer aisles; in causing, allowing and permitting the floor at the freezer aisles to become and remain wet and/or slippery; in causing and allowing a dangerous and hazardous condition to arise and subsist; in causing and allowing a dangerous trap and nuisance to arise and subsist; in failing to warn plaintiff of the dangers to which she was subject; in failing to place any caution signs or other warnings that the floor is wet, slippery and/or dangerous; in allowing the freezers to leak and/or fall into dis-repair; in failing to clean and/or remedy wet/slippery conditions on the floor; in failing to warn plaintiff about the aforesaid, dangerous, slippery and/or wet condition; in failing to provide any barriers, barricades, stanchions or other warnings that the floor was wet; in failing to properly and adequately prevent the wet and/or slippery condition and/or conditions at the aforementioned premises; in causing, allowing and permitting the existence of a dangerous and unsafe conditions; in causing and allowing the aforementioned premises to be, become and remain in a slippery and dangerous condition; in failing to adequately and properly maintain the

aforementioned premises; in failing to set forth any rules and regulations which would have prevented this and other similar occurrences; in failing to use a degree of care, alertness and vigilance as was necessary under the circumstances; in permitting the said are to be and remain in a wet, slippery and/or hazardous condition with the result that the area where the plaintiff was injured was rendered dangerous; in failing to guard against the danger which the defendants should have anticipated; in failing to provide the plaintiff with a safe passageway; in failing to take proper and suitable precautions for the safety of plaintiff and other customers; in failing to have sufficient, competent workers; in endangering the life and limb of persons lawfully transversing thereover; in creating a dangerous and unsafe condition; and in being in all ways generally, careless, reckless and negligent.

42. That at all times hereinafter mentioned and upon information and belief, the defendants, their agents, servants and/or employees has actual and/or constructive notice of the dangerous conditions in that they created same and the defendants, their agents, servants and/or employees were further negligent in failing to exercise ordinary care in maintaining the premises in a proper and reasonably safe condition and in failing to warn plaintiff of the said dangerous and unsafe condition there and there existing.

43. That as a result of the aforesaid occurrence, the plaintiff was rendered sick, sore, lame and disabled and was caused to and did sustain severe and serious injuries which injuries are, upon information and belief, permanent and that the plaintiff has as a result thereof been confined to bed and home, has required medical attention, and has been prevented and will be prevented for some times to come, from pursuing her usual and ordinary activities and was compelled to and did seek medical aid treatment and attention and will require further medical aid, treatment and attention in the future. Plaintiff was compelled to and did expend diverse sums

of money in an effort to sure and will, in the future, be caused to incur additional expenses for such medical and other aid; and in other ways sustained a loss of diverse sums of money.

44. That this action comes within one of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules of the State of New York.

45. That as a result of the forgoing, plaintiff was damaged in an amount with exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff demands judgement against the defendant in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
June 19, 2024

Yours, etc.

**GROPPER & NEJAT, PLLC**
By: Joshua Gropper, Esq.
Attorneys for Plaintiff
GENEVIVE BOTCHWAY
171 Madison Avenue - Suite 1002
New York, New York 10016
Phone: (212) 366-4600

ATTORNEY'S VERIFICATION

**JOSHUA GROPPER**, an attorney admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the managing partner at GROPPER & NEJAT, PLLC, the attorneys of record for the plaintiff in the within action; I have read the foregoing **Summons and Complaint** and know the contents thereof the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not the plaintiff is that we do not maintain an office in the county in which the plaintiff resides.

Dated: New York, New York
June 19, 2024

**JOSHUA GROPPER, ESQ.**

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

GENEVIVE BOTCHWAY,

Plaintiff,

-against-

WALMART INC. and WAL-MART STORES EAST, LP,

Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**GROPPER & NEJAT, PLLC**
*Attorneys for Plaintiff*
171 Madison Avenue-Suite 1002
New York, New York 10016
Tel: (212) 366-4600

---

ATTORNEY'S CERTIFICATION. Pursuant to 22 NYCRR 130-1.1, upon reasonable inquiry under the circumstances, I certify that the presentation of these papers or contentions therein is not frivolous.

Dated: June 19, 2024

JOSHUA GROPPER, ESQ.

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

GENEVIVE BOTCHWAY,

Plaintiff,

-against-

WALMART INC. and WAL-MART STORES EAST, LP,

Defendants.

Index No.:

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self- represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efi1e or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nvcourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: June 19, 2024

JOSHUA GROPPER, ESQ.
**GROPPER & NEJAT, PLLC**
171 Madison Ave, Suite 1002
New York, New York 10016
Phone: (212) 366-4600
Email: Jgropper@groppernejat.com